**John R. CRESCI, for himself and on behalf of all concerned, Plaintiff–Appellant,**

v.

**THE YACHT, "BILLFISHER," OFFICIAL NUMBER: 517–614, her engines, tackle, furniture, apparel and all things thereunto appertaining and belonging, in rem, and Analysis & Systems, Inc., a Delaware Corporation, her owner, Defendants,**

**Albany Insurance Company, in personam, Defendant–Appellee.**

**No. 88–6151.**

United States Court of Appeals, Eleventh Circuit.

June 13, 1989.

Ronald Payne, Ft. Lauderdale, Fla., for plaintiff-appellant.

Michael T. Haire, Fertig and Gramling, Frank R. Gramling, Ft. Lauderdale, Fla., for defendant-appellee.

Before HILL and EDMONDSON Circuit Judges, and GARZA *, Senior Circuit Judge.

PER CURIAM:

Appellant was operating a yacht in the vicinity of West End, Grand Bahama when the crew spotted the yacht, "BILLFISH-ER," in maritime peril, abandoned by her crew, derelict and completely awash with only the tip of her bow and the station of her flying bridge above water. The crew of appellant's yacht put on lines and towed the "BILLFISHER" toward West End. Appellant alleged that persons representing themselves to be Bahamian Customs and Police cut appellant's lines and took possession of the "BILLFISHER." Ultimately, the salvage was successful. Albany Insurance Company (Albany), which had issued an insurance policy insuring the owners of the "BILLFISHER" against loss of the vessel, was able to retrieve the vessel from the Bahamas and return it to its insured, the owner.

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

Appellant filed this complaint against the owners of the "BILLFISHER" and Albany based on common law maritime salvage law. Appellant alleged that as a result of his contribution to the salvage of the "BILLFISHER," Albany was spared from almost certain total loss of the BILLFISHER." The agreed value of the insurance policy in the event of total loss of the "BILLFISHER" is alleged to have been $250,000. Had the vessel been lost, Albany would have been obligated to pay the agreed value. Appellant alleged that Albany received a direct pecuniary benefit from his salvage efforts and is liable to appellant for a pro rata share of the salvage compensation based upon the benefit it received from the salvage.

Albany filed a motion to dismiss, arguing that under Florida Statute § 627.7262 [1], a cause of action against an insurance company, by a person not an insured, cannot be brought against the insurance company until the injured party has first received a judgment against the insured. The district court granted Albany's motion to dismiss.

On appeal, appellant argues that the district court improperly applied Florida Statute § 627.7262 in granting Albany's motion to dismiss. We agree.

Appellant's claim against Albany for salvage is not a claim under the insurance policy covering the "BILLFISHER" as a third party beneficiary or otherwise. Rather, appellant asserts an independent cause of action grounded upon the benefit accruing directly to Albany by virtue of appellant's salvage efforts. As such, section 627.7262 is not applicable. Albany may have some interest in the salvage of the "BILLFISHER" so as to owe money to the

one who salvages it. However, the question of whether Albany owes salvage compensation to the appellant is not presently before us. We hold only that Florida Statute § 627.7262 does not bar the appellant's claim against Albany.

We therefore VACATE the order of the district court dismissing appellant's claim and REMAND for further proceedings consistent with this opinion.

VACATE and REMAND.

---

1. 627.7262 Nonjoinder of insurers.
   (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
   (2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
   (3) Insurers are affirmatively granted the substantive right to insert in liability insurance policies contractual provisions that preclude persons who are not designated as insureds in such policies from bringing suit against such insurers prior to first obtaining a judgment against one who is an insured under such policy for a cause of action which is covered by such policy. The contractual provisions authorized in this subsection shall be fully enforceable.